Whenever you're ready, counsel. Thank you. David Merchant with the Federal Defenders of Montana on behalf of James Tafelmeyer. Okay. I would ask to reserve two minutes. Sure. Just watch the clock, please. Absolutely, Your Honor. Your Honor, in preparing for this argument, I looked at it as kind of three different things. First of all, we concede that a district court has significant discretion in crafting the terms of a supervised release condition. Clearly, the court must look at 3553A, and then the condition, if it so desires. The condition must reasonably relate to those conditions set forth in 3553A, as well as not only be reasonably related to the offense, Your Honors, but also be the least restrictive means of application. I can't get around the fact that this is a child pornography case. I can't get around the fact that he viewed child porn for probably six years. I also can't get around the bad fact that when he is out on pretrial release, he is caught viewing adult pornography on a neighbor's computer. Right. Those are all true. But if you think in these terms, the conditions of his pretrial release were enough to see that he was being deceptive to his pretrial release officer and that he viewed adult pornography during that time, and the remedy was that he was remanded to jail pending the court. How do we know that from the record, counsel? How did he get caught? Did the neighbor turn him in? It's my understanding, I was trial counsel, and I don't believe the record is clear, but I can tell the court this, that the pretrial release officer asked the neighbor, and the neighbor said, yes, he had borrowed my laptop computer. I can't imagine that gave the district court judge a whole lot of comfort that while this person was on pretrial release, he was flaunting the court's order, and I believe there's an assertion in the record that his response was, what they don't know won't hurt them. Intentionally, it seems to me, according to the record, intentionally trying to subvert the court's ruling. You're right. So what do we do about that? Well, two things. First of all, again, it was the pretrial release condition allows the pretrial release officer to enter the home for home visits. He can certainly talk to the neighbor. This occurred. Those conditions that were set up were enough to find him in violation, and again, I want to be clear, he was viewing adult pornography during this, not child pornography. No, I appreciate that. The record was, I appreciate that, yes. Nevertheless, he's flaunting the court's order, right? No question he's violating the court's order. Absolutely, and the remedy was he was remanded to jail pending what ultimately led to a plea. So why is this unreasonable? Why is the condition unreasonable under the standard you correctly cited? Well, because now as a special condition, it is significantly more onerous. I think, and again, in trying to figure out how to make the argument to the court, we know what parolees have literally no rights. The search is with or without probable cause, with or without reasonable suspicion. That's what we get from Sampson. What we get on probationers from Knights and other cases is that, no, in fact, there has to be some form of Fourth Amendment protection. Where we are kind of in the middle is this supervised release. Is it probation? Is it parole? Counsel, did your brief cite Betts? It did. Okay. So why doesn't that shut this down? Well, I think Betts is very specific. Betts is specific because it says, after Sampson there's no room for treating the search condition, being the without cause, in this case. And it was specific. Betts was, there was a fraud case in which he was doing certain things. That was specifically tailored to him. In this case, we have conditions that worked that were able to supervise him. And if the court looks to, I'm going to screw up. So your position is, I don't mean to lose your thought, but just to complete that thought, your position is that the conditions were sufficient and that this one is just more than is necessary? More than necessary because it is our position that supervised release is not parole and it is not probation. But there is a requirement of some Fourth Amendment protections. And V-A-R-G-A-S-A-M-A-Y-A, my Spanish isn't the best. But I cite that into my brief also. And he has some Fourth Amendment protections. So there has to be some suspicion. The GPS monitor, there is no suspicion required. There is no suspicion required for the search of the house. They can come and search the house. There are conditions in the standard conditions that they can go to the house for a home visit. And if something in the house, something they see, elevates that, then they can search the house. That is enough in this case. The car part of it, the GPS, had nothing to do with his crime, Your Honor. He was in his own house with his own computer doing this. GPS doesn't help monitor that type of activity. And, unfortunately for you, the tough fact that you just conceded is that he was also in his neighbor's house. He was next door. Right. Absolutely. And, again, that is factually specific to this case. What we're asking the court, big picture, is that this simply is. This is a different animal than parole and probation. And to make the broad rule that this is good at any given time just seems to go beyond what is required. I understand your argument. Let me just interrupt, if I could, to check in with Judge Noonan to see if he has any questions for you. I sure don't. Judge? No questions. The one other thing that I'd like to point out is if you look at Knight and Sampson and Villegas, Amaya, and Betz, those are consent cases. These are people that Betz is the one exception to this. All of these people signed the conditions of the supervisor's release. They accepted this condition. They were on notice of this condition. Now, somebody may argue that this is too early, that it's not right. But that's not necessarily true because if he gets out and violates that condition, he is already then incarcerated and along the ways. As a last aside, the government, I assume, is going to argue that this is closer to parole than it is probation. Probation is in lieu of incarceration. Parole is we're stopping the incarceration and you're going out on parole. Where a supervisor's release, it is arguable that this is part of the sentence. You have a period of incarceration and you have a period of supervisor's release. But the way that the mechanisms for violating those, keep in mind, Your Honors,  there was no mechanism for violating supervisor's release. It took us a fair amount, years of litigation to develop that. Supervisor's release was intended to assist the person out in the public. That was the initial reason and rationale for supervisor's release. It wasn't that way. Parole today, federal parole, the parole officer, which is the probation officer, can say you're in violation. You are taken into custody. You are then sent to Leavenworth for that hearing. It could be months and months and months. You aren't entitled to that hearing. And supervisor's release, they issue a warrant for your arrest if you're in violation of that. If you come into the office and you do a urine test and you test positive, they can arrest you on that. But then they seek the judge's approval to that. That is what supervisor's release.  Same with probation. Probation requires a violation order and those kinds of things. Parole doesn't. We would argue and we'd ask the court to hold that supervisor's release is more akin to probation than it is parole. And if that's the case, then going along with the 2004 decision of this court, a supervisor's release individual has some Fourth Amendment rights. If the court chooses the other way, it's basically saying there aren't any Fourth Amendment rights at all because it throws out the window probable cause and reasonable suspicion. If there are no other questions. And the last thing is the consent aspect of it. I really think that it is right that with probationers and in nights he consented, and Samson, he was aware of those things and along the lines. Do you want to reserve some time? I do. About a minute 30, so thank you, Your Honor. You bet. Good morning. Laurie Sook for the United States. The United States believes that the court should follow the reasoning in Betts and then use it for this new GPS tracking that we now consider a search after Jones. Betts has held that supervised release conditions, specifically suspicionless searches, are okay for supervised release because it's not similar to probation. It's much closer to parole. And the Second Circuit in the Reyes and the Ballin decisions that we cited in our brief have actually set forth the continuum of probation, parole, and supervised release,  because parole replaces part of the term of imprisonment, whereas supervised release is in addition to. So what we want the court to establish here, it seemed to the government in the opening brief of the defendant, and now I'm hearing that again today, that they really want the court to liken supervised release to probation. That would, in our view, run afoul of Betts, first of all. This is just a different type of suspicionless search than was at issue in Betts. But I think this panel would have a problem with that, with the Betts decision sitting out there, that suspicionless searches are not an abuse of discretion for supervised releasees. But that doesn't answer the question. Obviously, there has to be a reason for the specific condition. The government is not advocating willy-nilly that we just give suspicionless search conditions to every supervised releasee. And certainly we're not here asking the court to do that with respect to GPS tracking. Whether we want to argue that a suspicionless search of your home or a GPS tracker on your car, what's more of an invasion? That's irrelevant in our view. Each case has facts, each case has a defendant, and can the court articulate reasons for that specific condition? And here, the district court had reasons. What were the reasons for the GPS requirement? Well, it was the reasons were, as the court stated in Excerpt of Record 44 and 45, the pretrial release violation involved a violation off location, away from his house, where he was found accessing pornography, even though it was not child pornography. Your footnote number two on page 10 of your brief says it was child pornography, and that's not correct, is it? It is not correct, no. I apologize for that. I appreciate your candor. I understand why the mistake was made, but I just want to be clear on that. Yeah, no, it was adult pornography, but it was a violation of the pretrial release and it was off location. So if you're wanting to give the district court judge the discretion he needs, not only after the fact to catch the violation, but also these conditions are there for rehabilitation. They're there for safeguards. They're there to keep the defendants on track. So this defendant, Mr. Tafelmeier, knowing that the court will be able to monitor his location on supervised release, may stop him from violating. Why do we have to do an after-the-fact fix when we could put a condition in place so that he's a smart man, he understands, and he will know that the court will be able to keep track of his location so that the court will have that flexibility to know what he's doing and where, which in our view is important given his longstanding history in accessing child pornography and then this pretrial release violation. Judge Newnham, were you trying to ask a question? No. Oh, forgive me. I thought I heard something. Judge, did you have a question? I have no questions. Thank you very much. You're welcome. Just one last point. The Jones decision comes out from the Supreme Court. The Supreme Court decides that a warrant is required for the placement of a GPS, therefore there is Fourth Amendment implication. Our argument is that supervised release does require or does invoke some Fourth Amendment contemplation. I have one question I'd like to ask you. Yes, sir. What Supreme Court case is this condition contrary to? Do you understand the question? I do not. What Supreme Court case is or are these conditions contrary to? It would be contrary to Samson, Your Honor, which is the parolee position where the parolee has no rights to have reasonable suspicion. A probable cause, Samson takes that away completely for parolees. So if Mr. Tafelmeier is considered more on that side of the table, then Samson would control. If Mr. Tafelmeier is considered more on the probationary side, Knights would control, which would invoke Fourth Amendment, which would invoke the consent. But the last thing I want to ask, can you imagine going into your probation officer's office and him asking for your cell phone and him flipping it open, an old school phone, and then going through who you've called and who's called you? That's tracking you electronically. We wouldn't allow that. Why are we going to allow this unreasonable search without cause to track your traveling around to the grocery store or other things in which you are legitimately able to do? Because that's the next step. Could this condition, this is hypothetical, could there have been a condition asking him to periodically bring his laptop to his probation officer? Absolutely. That would be because it is rationally related to his offense. Okay, thank you. Thank you. Thank you, counsel. Thank you both. We'll submit that case.
judges: NOONAN, HAWKINS, CHRISTEN